UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation, | Case No. 3:15-cv-00549-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| XIU Y. PAN; *et al.*, | |
| Defendants. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| ALPINE VISTA II HOMEOWNERS ASSOCIATION; and KYLE KRCH, | |
| Counter-Defendants. | |
| KYLE KRCH, | |
| Cross-Claimant, | |
| v. | |
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, | |
| Cross-Defendant. | |

I.  **SUMMARY**

This matter arises from a non-judicial foreclosure sale of real property located at 859 Nutmeg Place, #21, in Reno, Nevada ("Property"). (ECF No. 1 at 8; ECF No. 59-6.)

1    Pending before the Court are two motions for summary judgment. (ECF Nos. 59, 60.)[1]

2    Defendant/Counterclaimant Federal National Mortgage Association ("Fannie Mae") seeks

3    summary judgment, arguing that it maintains its Deed of Trust ("DOT") on the Property

4    even after Counter-Defendant/Cross-Claimant Kyle Krch ("Krch") purchased it at a

5    homeowner's association foreclosure sale ("HOA Sale"). (ECF No. 60.) Plaintiff/Cross-

6    Defendant Alpine Vista II Homeowners Association ("Alpine Vista") seeks summary

7    judgment on Krch's crossclaim for equitable indemnity.[2] For the reasons below, the Court

8    grants both motions for summary judgment.

9    **II.    RELEVANT BACKGROUND**

10   Krch purchased the Property at the HOA Sale in April 2015 from Alpine Vista,

11   through Kern & Associates. (ECF No. 59-6.) Krch contends the sale extinguished the DOT

12   then encumbering the Property under Nevada law at the time of the HOA Sale. (ECF No.

13   66 at 4–5.) At the time of the HOA Sale, Fannie Mae owned a loan secured by the Property

14   and was the record beneficiary of the DOT. (ECF Nos. 59-1, 59-2; ECF No. 60-1 at 25–

15   26, 28–42, 51.)

16   In March 2016, Fannie Mae filed counterclaims against Krch and Alpine Vista for

17   declaratory relief, with a separate quiet title claim solely against Krch. (ECF No. 32.) Krch

18   then filed his crossclaim against Alpine for equitable indemnity for any liability stemming

19   from Fannie Mae's counterclaim. (ECF No. 39.)

20   **III.   LEGAL STANDARD**

21   In evaluating a summary judgment motion, a court views all facts and draws all

22   inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*

23   *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "The purpose of summary

24   ///

25   _____

26   [1]In addition to the two motions for summary judgment, the Court has reviewed the
     related responses (ECF Nos. 65, 66) and replies (ECF Nos. 69, 71).

27   [2]In his crossclaim Krch's generally asserts an indemnity claim (ECF No. 39 at 3),
     however, Krch clarifies in his response to Alpine Vista's motion for summary judgment that
28   he is asserting a claim for equitable indemnity (ECF No. 65 at 4).

judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

///

///

///

///

///

## IV.    DISCUSSION

### A.    Fannie Mae's Motion for Summary Judgment (ECF No. 60)[3]

Fannie Mae contends only that the foreclosure sale could not have extinguished the DOT because of 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). The Court agrees.

Relying on Ninth Circuit precedent, this Court has previously noted "[t]he Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets." *Springland Vill. Homeowners Ass'n. v. Pearman*, No. 3:16-cv-00423-MMD-WGC, 2018 WL 357853, at *2 (D. Nev. Jan. 10, 2018) (citing *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017)). "As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's conservatorship, possessed an enforceable property interest at the time of the HOA Sale, and did not consent to such extinguishment." *Id.* (citing *Berezovsky*, 869 F.3d at 933).

Here, it is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale purportedly extinguishing or foreclosing Fannie Mae's interest in the Property. (ECF No. 60-1 at 51.) Fannie Mae acquired an enforceable interest in the Property in August 2008. (ECF No. 59-1.) An assignment of the DOT to Fannie Mae was recorded in December 2013. (ECF No. 59-2.) Fannie Mae continued to hold its interest at the time of the HOA Sale in April 2015. (*Id.*; ECF No. 60-1 at 25–26, 28–42, 51.) This is amply demonstrated in both the public record and Fannie Mae's business records. (ECF Nos. 59-1, 59-2; ECF No. 60-1 at 25–26, 28–

///

---

[3]The Court grants Fannie Mae's request for judicial notice (ECF NO. 60 at 6) of the following: (1) facts derived from the publicly available records of the Clark County Recorder; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

42, 51.) Given these facts—Fannie Mae was under FHFA's conservatorship at the time of the HOA Sale and had an enforceable interest in the Property, and neither FHFA nor Fannie Mae consented to extinguish Fannie Mae's interest—the Federal Foreclosure Bar protects Fannie Mae's DOT from extinguishment.

Krch's argument for extinguishment based on Nevada's Foreclosure Statute, NRS § 116.3116, does not undermine the Court's conclusion. (ECF No. 66 at 4–5.) As Fannie Mae points out (ECF No. 71 at 3), Krch's argument ignores the fact that the Federal Foreclosure Bar, enacted in 2008, was operational at the time of the HOA Sale. *See* 12 U.S.C. § 4617; *see also Berezovsky*, 869 F.3d at 930 (citations omitted) ("The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail. This is so even if the federal statutory language does not explicitly manifest Congress's preemptive intent."). Accordingly, here the Federal Foreclosure Bar preempts the Nevada Foreclosure Statute. *Fed. Home Loan Mortg. Corp.. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1152 (9th Cir. 2018) ("FHFA, as the Enterprises' conservator, possessed enforceable interests in the Properties at the time of the HOA foreclosure sales. The Federal Foreclosure Bar preempts the Nevada Foreclosure Statute to the extent that an HOA's foreclosure of its superpriority lien cannot extinguish a property interest of an Enterprise while it is under FHFA's conservatorship."). The Nevada Supreme Court agrees with Ninth Circuit law and expressly Fannie Mae. *See Saticoy Bay LLC Series 96 41 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 367–68 (Nev. 2018) (agreeing with Fannie Mae that the Federal Foreclosure Bar preempts NRS § 116.3116 and agreeing with *Berezovsky* that the FHFA does not implicitly consent to extinguishment of Fannie Mae's deed of trust by failing to act during a foreclosure sale). Thus, Krch's argument is legally untenable.

In sum, the Court concludes the HOA Sale to Krch did not extinguish Fannie Mae's interest in the Property. The DOT therefore continues to encumber the Property and Fannie Mae is entitled to summary judgment.

///

**B.    Alpine Vista's Motion for Summary Judgment (ECF No. 59)**

In his crossclaim, Krch asserts that he is entitled to complete indemnity—which he clarifies to be equitable indemnity (ECF No. 65)—from Alpine Vista "*if any liability* is assessed against [him] for any of the acts, omissions, and transactions alleged in the [Fannie Mae's] counterclaim." (ECF No. 39 at 3) (emphasis added). Alpine Vista argues that it is not liable to Krch for any not-yet-existing liability because there was no preexisting relationship between it and Krch creating a duty for Alpine Vista to protect Krch's interest or support equitable indemnification under Nevada law. (ECF No. 59 at 6–7; ECF No. 69 at 3.) The Court declines to address the merits of Alpine Vista's motion for summary judgment because Krch's equitable indemnity claim is not ripe.

Under the ripeness doctrine, a claim is not ripe for adjudication where matters are "premature for judicial review because the injury at issue is speculative, or may never occur." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014). While neither Alpine Vista nor Krch address the ripeness issue, "[u]nder Nevada law, 'a cause of action for [equitable] indemnity . . . accrues when payment has been made.'" *Hillcrest Invs., Ltd v. Robison*, No. 2:15-cv-01509-GMN-VCF, 2016 WL 1610604, at * 2 (D. Nev. April 20, 2016) (quoting *Aetna Cas. and Sur. Co. v. Aztec Plumbing Corp.*, 796 P.2d 227, 229 (Nev. 1990)). At this time, Krch has made no payment to Fannie Mae based on liability arising from Fannie Mae's counterclaim—which, as addressed above, merely sought a determination that Krch's interest in the Property is subject to Fannie Mae's DOT. While there is harm to Krch based on the Court's ruling that Fannie Mae's DOT continues to encumber the Property, there is not yet any "liability" stemming from Fannie Mae's counterclaims against Krch to support Krch's crossclaim. Accordingly, the Court finds that Krch's crossclaim for indemnity is not ripe against Alpine Vista and therefore Alpine Vista's motion on the merits of the crossclaim is likewise premature. For this reason, the Court denies Alpine Vista's motion for summary judgment (ECF No. 59) on Krch's crossclaim.

///

///

1   While the Court is also inclined to dismiss the crossclaim for lack of subject matter

2   jurisdiction because it is unripe,[4] the Court will provide the parties the opportunity to brief

3   the issue of whether the crossclaim should be dismissed. Accordingly, within 15 days from

4   the entry of this order, Alpine Vista and Krch must submit briefs of no more than five pages

5   regarding whether Krch's crossclaim should be dismissed as unripe. Failure to brief the

6   issue within the prescribed timeframe will result in the Court dismissing the crossclaim.

7   **V.    CONCLUSION**

8   The Court notes that the parties made several arguments and cited to several cases

9   not discussed above. The Court has reviewed these arguments and cases and determines

10  that they do not warrant discussion as they do not affect the outcome of the motions before

11  the Court.

12  It is therefore ordered that Alpine Vista's motion for summary judgment on Krch's

13  crossclaim for equitable indemnity (ECF No. 59) is denied because Krch's crossclaim is

14  not ripe.

15  It is further ordered that Alpine Vista and Krch must brief the issue of whether Krch's

16  crossclaim should be dismissed as unripe. Alpine Vista and Krch must submit briefs of no

17  more than five pages each on the issue within 15 days from the entry of this order. Failure

18  to brief the issue within the prescribed timeframe will result in the Court dismissing the

19  crossclaim.

20  It is further ordered that Fannie Mae's motion for summary judgment (ECF No. 60)

21  is granted.

22  DATED THIS 20th day of December 2018.

23

24  _____
    MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

25

26  [4]*See, e.g.*, *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 360 F.3d 960, 967 (9th
    Cir. 2004) (explaining that a district court can dismiss *sua sponte* for lack of jurisdiction
27  but indicating in certain circumstances additional briefing may be appropriate); *Kamaole
    Pointe Dev. LP v. County of Maui*, CV. No. 07-00447 DAE-LEK, 2008 WL 5025004, at *3,
28  *8 (D. Haw. Nov. 25, 2008) (dismissing unripe claims at the summary judgment stage, as
    if raised in a motion to dismiss under Rule 12(b)(1)).