| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |

| | |
|---|---|
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation,<br><br>      Plaintiff,<br> v.<br>XIU Y. PAN; *et al.*,<br><br>      Defendants. | Case No. 3:15-cv-00549-MMD-WGC<br><br>ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>      Counterclaimant,<br> v.<br>ALPINE VISTA II HOMEOWNERS ASSOCIATION; and KYLE KRCH,<br><br>      Counter-Defendants. | |
| KYLE KRCH,<br><br>      Cross-Claimant,<br> v.<br>ALPINE VISTA II HOMEOWNERS ASSOCIATION,<br><br>      Cross-Defendant. | |

Per this Court's directive, Plaintiff/Cross-Defendant Alpine Vista II Homeowners Association ("Alpine Vista") and Counter-Defendant/Cross-Claimant Kyle Krch ("Krch") have filed supplemental briefing regarding whether Krch's cross-claim for equitable

indemnity should be dismissed as unripe. (ECF No. 73 at 7; ECF Nos. 73, 74.) In its last order (ECF No. 73), the Court noted it was inclined to dismiss the crossclaim because while its finding that Fannie Mae's Deed of Trust ("DOT") continued to encumber Property that Krch purchased amounts to a harm to Krch, "there is not yet any 'liability' stemming from Fannie Mae's counterclaims against Krch to support Krch's crossclaim." (ECF No. 73 at 6.) Notably, Krch seeks complete equitable indemnity from Alpine Vista "*if any liability* is assessed against [him] for any of the acts, omissions, and transactions alleged in the [Fannie Mae's] counterclaim." (ECF No. 39 at 3) (emphasis added). Furthermore, Fannie Mae has thus far only "sought a determination that Krch's interest in the Property is subject to Fannie Mae's DOT." (ECF No. 73 at 6.)

In response to the Court's order for supplemental briefing, Alpine Vista argues that Krch's claim should indeed be dismissed as unripe. (ECF No. 74.) Krch, albeit acknowledging the absence of authority to support his position, argues to the contrary, contending that dismissal would offend "principles of equity and good conscience." (ECF No. 75 at 4–5.)[1] The Court finds that the authority the parties provide supports the conclusion that the crossclaim should be dismissed as unripe. *See, e.g.*, *Saylor v. Arcotta*, 225 P.3d 1276, 1279 (Nev. 2010) (finding that statute of limitations had not began to run on an equitable indemnity claim where the potential indemnitee had "not suffered any actual loss"); *Rodriguez v. Primadonna Co.*, LLC, 216 P.3d 793, 801–03 (Nev. 2009) (finding no entitlement to indemnification because the potential indemnitor's liability has not been established); *Aetna Cas. and Sur. Co. v. Aztec Plumbing Corp.*, 796 P.2d 227, 229 (Nev. 1990) (citation omitted) ("A cause of action for indemnity . . . accrues when payment has been made."); *Hillcrest Investments, Ltd. v. Robison*, 2016 WL 1610604, at \*3 (D. Nev. 2016) (quoting *Aetna Cas. and Sur. Co.* as cited); *see also Protectmarriage.com-Yes on B v. Bowen*, 752 F.3d 827, 838 (9th Cir. 2014) ("The ripeness

---

[1] Krch also asks the Court hold that "the decree quieting title is the 'liability' or the 'payment' that triggers the equitable obligation to indemnify." (ECF No. 75 at 5.) Krch provides no authority upon which the Court can base such a holding—and the Court finds none. Accordingly, the Court declines to make that ruling.

2

doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur.").

It is therefore ordered that Krch's crossclaim for equitable indemnity asserted against Alpine Vista's is dismissed without prejudice as unripe and thus for lack of subject matter jurisdiction.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and the Court's order granting Fannie Mae's motion for summary judgment (ECF No. 73) and close this case.

DATED THIS 7th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE