UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALPINE VISTA II HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation,<br><br>        Plaintiff,<br>  v.<br><br>XIU Y. PAN; *et al.*,<br><br>        Defendants. | Case No. 3:15-cv-00549-MMD-WGC<br><br>ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Counterclaimant,<br>  v.<br><br>ALPINE VISTA II HOMEOWNERS ASSOCIATION; and KYLE KRCH,<br><br>        Counter-Defendants. | |
| KYLE KRCH,<br><br>        Cross-Claimant,<br>  v.<br><br>ALPINE VISTA II HOMEOWNERS ASSOCIATION,<br><br>        Cross-Defendant. | |

**I. SUMMARY**

This action arose out of a non-judicial foreclosure sale ("HOA Sale") of real property located at 859 Nutmeg Place, #21, in Reno, Nevada ("Property"). Presently before the Court is Plaintiff Alpine Vista II Homeowners Association's ("HOA") motion for an order to interplead surplus funds pursuant to Fed. R. Civ. P. 22 and 67 as well as NRS §

///

116.31164(7)(b)[1] ("Motion"). (ECF No. 81.) In the Motion, the HOA also seeks attorneys' fees and costs in gist for bringing the original state-court action (ECF No. 1 at 7–10) in interpleader and bringing the Motion here. The Court will deny the Motion because interpleading funds is not appropriate at this juncture. The Court also declines to exercise its discretion to grant the HOA's requested fees and costs.[2]

## II. BACKGROUND

After the HOA collected money due and owing to it upon the HOA Sale, surplus proceeds of $13,298.40 remained. (ECF No. 81-1 at 6.) The HOA filed a complaint in interpleader in state court naming the Federal National Mortgage Association ("Fannie Mae"), Xiu Y. Pan ("Borrower"), Bank of America, N.A. ("BANA") and unknown claimants as defendants. (ECF No. 1 at 7–8.) Fannie Mae removed the case under 28 U.S.C. §§ 1331, 1441 and 1446, pursuant to its charter—12 U.S.C. § 1723a. (ECF No. 3.) On December 20, 2018, the Court granted summary judgment for Fannie Mae based on 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). (ECF No. 73.) The Court specifically found that the Federal Foreclosure Bar preserved Fannie Mae's interest in the first deed of trust ("DOT") from being extinguished by the HOA Sale. (*Id.*; *see also* ECF Nos. 79.) The Clerk of the Court entered judgment accordingly on March 7, 2019. (ECF No. 80.) The HOA filed the Motion the following day. (ECF No. 81.)

## III. REQUEST TO INTERPLEAD FUNDS

"The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Under Fed. R. Civ. P. 22, "interpleader is permissible where a plaintiff-
///

---

[1] NRS § 116.31164(7)(b) prescribes the order of distributing the proceeds from a foreclosure sale.

[2] In addition to the Motion, the Court has considered the responses (ECF No. 83, 84), replies (ECF No. 85, 86), the memorandum (ECF No. 82) and exhibits (ECF No. 81-1, 83-1, 85-1).

stakeholder may be exposed to double or multiple liability due to the existence of multiple claimants . . ..."[3] *Absolute Bus. Sols., Inc. v. Mortg. Elec. Registration Sys., Inc.*, No. 2:15-cv-01325-RJC-NJK, 2017 WL 58569, at *1 (D. Nev. Jan. 4, 2017) (citations omitted). "[I]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). The prerequisite of good faith demands that "a real and reasonable fear of exposure to double liability or the vexation of conflicting claims" exits. *Id.*

Irrespective of whether the HOA could have been concerned with competing interests when this action was initiated in state court, no such competing interests exist at this time. There is no dispute that the surplus funds should be paid to Fannie Mae. (*See generally* ECF Nos. 81, 83, 84.) Notably, all other claimants that were listed in the HOA's state-court complaint have defaulted in this action. (*Compare* ECF No. 1 at 7–8 *with* ECF Nos. 16 (default entered against BANA for non-appearance), 44 (default entered against Borrower); ECF No. 78 (default entered against fictitious or unknown claimants).) Accordingly, there is no reason to deposit the surplus funds via interpleader in this Court for essentially simultaneous disbursement to Fannie Mae. Instead, the surplus funds should be paid to Fannie Mae directly. Thus, the Motion is denied.

**IV.   ATTORNEYS' FEES AND COSTS**

From the surplus funds of $13,298.40, the HOA seeks to first deduct attorneys' fees and costs it claims is related to bringing this action as plaintiff-in-interpleader in the amount of $12, 575.99. (*E.g.*, ECF No. 85 at 10.) Such an award to the HOA would leave Fannie Mae with only $722.41 of the surplus funds. (*Id.*) In its discretion, the Court declines the HOA's request for the following reasons.

///

///

---

[3]In addition, Fed. R. Civ. P. 67(a) provides that a party seeking the disposition of a sum of money "on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit."

"[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir. 1984). Such fees are typically appropriate where "(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) *has deposited the disputed funds into court*, and (4) has sought a discharge from liability." *Sun Life Assur. Co. of Canada v. Chan's Estate,* No. C–03–2205 SC, 2003 WL 22227881, at *3 (N.D. Cal. Sept. 22, 2003) (emphasis added) (quotation and citation omitted). "In addition, if the stakeholder faces multiple claims *in the ordinary course of its business*, some courts have declined to award it attorneys' fees." *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.,* No. 2:13-CV-02030-KJM-AC, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014) (emphasis added); *see also Companion Life Ins. Co. v. Schaffer,* 442 F. Supp. 826, 830 (S.D.N.Y.1977) (expressing an inclination to deny an insurer's fee request because "[c]onflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business").

As a preliminary matter and as the Court found above, interpleader is not warranted here. The HOA's very concession that Fannie Mae is entitled to the surplus funds supports this conclusion. (ECF No. 81 at 7 ("Defendants to the interpleader have been defaulted, but for Fannie Mae. The only interests in the surplus funds, therefore, may be those of Fannie Mae . . ..").) The fact that the HOA knows the party entitled to the surplus funds negate a good faith belief that there are competing claims at stake at this time. Additionally, the HOA is already bound to disburse funds to Fannie Mae under NRS § 116.31164(7)(b). Fannie Mae, as holder of the DOT on the Property, is next in line and the only party entitled to receive the remainder of the proceeds because the former unit owner (here, Borrower) no longer has any interest in the Property after the HOA Sale. *Id.* § 116.31164(7)(b)(4) & (5). Further, it would be completely unfair to permit the HOA to shift foreseeable costs of its business and obligations in a foreclosure action to Fannie Mae, leaving Fannie Mae with only $722.41 of $13,298.40. Accordingly, the Court denies the HOA's request for fees and costs.

4

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Alpine Vista II Homeowners Association's motion to interplead surplus funds and accompanying request for attorneys' fees and costs (ECF No. 81) are denied.

DATED THIS 12th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE